IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:22-CV-190-M

BRIAN JOHN WUEST,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

This matter comes before the court on Plaintiff's second motion to appoint counsel [DE 23]. Pursuant to 28 U.S.C. § 636(b)(l)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers entered a memorandum and recommendation ("M&R") [DE 21], recommending that the court: (1) deny Plaintiff's second motion to appoint counsel [DE 23]; (2) dismiss Plaintiff's claims under the Camp Lejeune Justice Act of 2022 ("CLJA") and Federal Tort Claims Act ("FTCA") without prejudice for failure to exhaust administrative remedies; (3) dismiss Plaintiff's claims under 38 U.S.C. §§ 1101, 1110, 1151, 1301, 1710, 1781 for failure to state a claim; (4) deny as moot Plaintiff's request for leave to amend his complaint ([DE 23] at 2); and (5) deny as moot Plaintiff's motion to hold his case in abeyance ([DE 23] at 4-5).

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(l); *accord Mathews v. Weber,* 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of

1

those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310,315 (4th Cir. 2005).

In response to the M&R, Plaintiff submitted a letter received on December 6, 2023, in which he raised no objections. [DE 39]. In his letter, Plaintiff writes that he intends to "re-file when my [CLJA] claim is settled [with the Navy]." [DE 39] at 4. Indeed, assuming Plaintiff filed an administrative claim with the Navy in August 2023, Plaintiff may refile his CLJA claim with this court when his administrative claim with the Navy is denied, whether formally or constructively by the Navy's failure to make a final disposition on his claim within six months of its filing.

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, it is hereby ORDERED:

(1) Plaintiff's second motion to appoint counsel [DE 23] is DENIED;

(2) Plaintiff's claims under the CLJA and FTCA [DE 9] are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies;

(3) Plaintiff's claims under 38 U.S.C. §§ 1101, 1110, 1151, 1301, 1710, 1781 ([DE 9] at 2) are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

(4) Plaintiff's request for leave to amend his complaint ([DE 23] at 2) is DENIED AS MOOT; and

(5) Plaintiff's motion to hold his case in abeyance ([DE 23] at 4-5) is DENIED AS MOOT.

SO ORDERED this 5th of January, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE